IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00547-CMA

STRACY LASTER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER REMANDING CASE

---

This matter comes before the Court *sua sponte*.

Plaintiff sued Defendant in El Paso County District Court, bringing various claims in connection with unpaid insurance benefits. In her complaint, she requests no specific monetary relief. (Doc. # 1-3.) Defendant then removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] As to diversity of citizenship, there is no dispute. Plaintiff is a citizen of Colorado; Defendant, of Illinois. As to the amount in controversy, however, there is a problem.

The amount in controversy is ordinarily determined by the allegations of the

---

[1] 28 U.S.C. § 1332(a) provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."

1

complaint or by the allegations in the notice of removal.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted).  However it is done, a removing defendant must "prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).

The "preponderance of evidence" standard is not difficult to meet; yet, other than the complaint, Defendant provides *no* evidence.  In its Notice of Removal, Defendant states that "Plaintiff has alleged that the UM insurance contract has unpaid benefits of $75,000, that her recoverable medical expenses exceed $50,000 . . ." (Doc. # 1, ¶ 2.) If Plaintiff has made such allegations, the Court has no proof of it.  Her complaint contains no such figures.  Defendant's matter-of-fact averment that the amount in controversy exceeds $75,000–-the jurisdictional minimum under § 1332—will not do.[2]  As Defendant is aware, "removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

Accordingly, because Defendant has failed to prove the amount in controversy by a preponderance of evidence, the Court must remand this case to state court. *See* 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that this action is REMANDED to the El Paso

---

[2] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Also see Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is unclear what amount of damages the plaintiff has sought . . .then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."); *TIC-The Industrial Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00763, 2009 WL 1796071, *1 (D. Colo. June 23, 2009) (noting the case had been remanded previously because of the removing defendant's "matter-of-fact averment").

County District Court.

DATED: March 31, 2010.

BY THE COURT:

/s/ Christine M. Arguello
_____
CHRISTINE M. ARGUELLO
United States District Judge